Lawrence W. Luttrell, Esq.
Law Office of Lawrence W. Luttrell, P.C.
2137 State Route 35, 3rd Floor
Holmdel, New Jersey 07733
732-872-6900
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**"IN ADMIRALTY"**

|  |  |  |
|---|---|---|
| KIMBERLY STURMAN as the personal representative for the Estate of Jeffrey S. Sturman, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: |
| vs. | : : | |
| | : | **COMPLAINT AND** |
| OUT ISLAND SPORT YACHTS, INC., F&S MARINE SERVICES, LLC, PANISH MARINE SERVICES, LLC, PANISH CONTROLS, INC., KEVIN R. HOFFMAN, LAWRENCE J. HOFFMAN, JR., BRET OBERHAUSER, JOHN DOES 1-100 and ABC CORP. 1-100, | : : : : : : : | **DEMAND FOR JURY TRIAL** |
| Defendants. | : : | |

Plaintiff, Kimberly Sturman as personal representative of the Estate of Jeffrey S. Sturman, by and through her attorney, on behalf of herself and as natural guardian of CS and JS, minors, hereby files this complaint and respectfully alleges:

**JURISDICTION AND VENUE**

1. Counts One, Two, Three and Four of this complaint concern a cause of action for a wrongful death brought pursuant to the Death On the High Seas Act, codified at 46 U.S.C. 30301, et seq. (hereinafter referred to as "DOHSA"). Said claims arise from the wrongful act(s), neglect, and/or default occurring on the high seas

beyond three (3) nautical miles from the shore of the United States that contributed to and/or resulted in the death of Jeffrey S. Sturman on July 26, 2014.

2. Count Five of this Complaint concerns a common law cause of action for conduct that took place after the accident while Defendants were in the State of Maryland and State of New Jersey.

3. This Court has original jurisdiction as to Counts One, Two, Three and Four of this action pursuant 28 U.S.C. 1333(1) as well as Article III, Section 2 of the Unites States Constitution as each is a civil case in admiralty.

4. This Court has supplemental jurisdiction as to Count Five of this action pursuant 28 U.S.C. 1367 because the common law claim is so related to the claims in the actions within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District as to Counts One, Three, Four & Five of this action pursuant to 28 U.S.C. Section 1391(a) in that all of the Defendants in said Counts are residents of the State of New Jersey and, therefore, are within the jurisdiction of the United States District Court for the District of New Jersey.

6. Venue is also proper in this District as to Count Two pursuant to 28 U.S.C. 1391(c) in the all of the Defendants in said Count are subject to the Court's personal jurisdiction with respect to that action.

## PARTIES

7. Plaintiff, Kimberly Sturman, is the widow of Jeffrey S. Sturman and proceeds as the personal representative of the Estate of Jeffrey S. Sturman by way of Letters of Administration *Ad Prosequendum* issued by the Surrogate of Ocean County,

New Jersey on July 20, 2016.

8. Defendant, Out Island Sport Yachts, Inc. is a duly formed for-profit corporation of the State of New Jersey with a principal business address of 107 Edgewood Avenue, West Berlin, New Jersey.

9. Defendant, F&S Marine Services, LLC (hereinafter referred to as "F&S") is a duly formed limited liability company of the State of Delaware which conducts business in New Jersey under the trade name "United Yacht Sales" with a principal business address of 960 Ocean Drive, Cape May, New Jersey 08204.

10. Defendant, Panish Marine Services, LLC is a duly formed limited liability company of the State of Florida with a principal business address of 12553 66th Street, Largo, Florida 33773-3440, which conducts business in the State of New Jersey during all relevant times referenced herein.

11. Defendant, Panish Controls, Inc. is a duly formed for-profit corporation of the State of Connecticut with a principal business address of 205 Research Drive, Suite 10, Milford, Connecticut 06460, which conducted business in the State of New Jersey during all relevant times referenced herein.

12. Defendant, Kevin R. Hoffman, is a resident of the State of New Jersey and resides at 1227 Edgemere Drive, Forked River, New Jersey 08731.

13. Defendant, Lawrence J. Hoffman, Jr. is a resident of the State of New Jersey and resides at 713 Cambridge Road, Lanoka Harbor, New Jersey 08734.

14. Defendant, Bret Oberhauser, is a resident of the State of New Jersey and resides at 1216 Mercury Court, Forked River, New Jersey 08731.

15. John Does 1-5 are fictitious persons and/or entities whose identity is presently

unknown and who manufactured, designed, repaired, refurbished, distributed, and/or sold a 2002 38' Out Island Express to the Plaintiff.

16. John Does 6-100 are fictitious persons and/or entities whose identity is presently unknown and who failed to maintain a seaworthy vessel and/or negligently maintained fishing gear that contributed to the death of Jeffrey S. Sturman.

## GENERAL ALLEGATIONS

17. Plaintiff and Jeffrey S. Sturman were the owners of a recreational fishing boat known as a 2002 38' Out Island Express (hereinafter referred to as "the Boat").

18. The Boat was designed, manufactured and/or placed into the stream of commerce by Defendants, Out Island Sport Yachts, Inc. and John Does 1-5.

19. Plaintiff and Jeffrey S. Sturman purchased the Boat in and around 2004.

20. The Boat was sold or otherwise distributed to Plaintiff and Jeffrey S. Sturman by Defendant, F&S Marine Services, LLC d/b/a United Yacht Sales.

21. On July 26, 2014, Jeffrey S. Sturman embarked on the Boat in Ocean City, Maryland with Defendants, Kevin R. Hoffman, Lawrence J. Hoffman, Jr. and Bret Oberhauser for a recreational fishing trip to a chart area approximately sixty (60) miles east known as Baltimore Canyon.

22. After arriving at Baltimore Canyon, Jeffrey S. Sturman piloted the Boat for approximately three hours by trolling at a slow rate of speed throughout the area while the Defendants, Kevin R. Hoffman, Lawrence J. Hoffman, Jr. and Bret Oberhauser placed fishing lines in the water to catch fish.

23. At approximately 10:30 a.m. on July 26, 2014, something hit the hull of the Boat causing a loud bang followed by significant vibration.

24. Jeffrey S. Sturman immediately placed the Boat's two engines in neutral and went down to the stern of the boat to assess the damage.

25. Upon assessing the damage, Jeffrey S. Sturman confirmed that the two propellers of the Boat had somehow become entangled with a lobster trap line.

26. Both Jeffrey S. Sturman and one or more of the Defendants were unsuccessful in attempts to free the propellers from aboard the Boat with a "line pusher."

27. As a result of the entanglement, the Boat lost propulsion and ultimately required Jeffrey S. Sturman to go into the water with a knife to cut away the lobster trap line and free the two propellers.

28. Before disembarking the Boat, Jeffrey S. Sturman explained to the Defendants that he needed to go into the water to cut away the lobster trap line.

29. After going into the water, Jeffrey S. Sturman returned to the surface with a large section of the lobster trap line that he cut away from the Boat's propellers.

30. Jeffrey S. Sturman tossed the large section of the lobster trap line onto the deck of the Boat.

31. While Jeffrey S. Sturman was still in the water at the stern of the Boat, the starboard engine of the Boat accidentally engaged into reverse gear causing him to suffer severe chopping wounds and a factures to his skull and face from the Boat's propeller.

32. As a result of the accident, Jeffrey S. Sturman died from the severe wounds and/or drowning.

33. Jeffrey S. Sturman is survived by his wife, Kimberly Sturman, and two sons, CS and JS; both minors.

34. The minor children, CS and JS, were dependents Jeffrey S. Sturman.

## COUNT ONE

35. Plaintiff repeats each of the preceding paragraphs as though set forth at length herein.

36. Defendants, Out Island Sport Yachts, Inc., F&S Marine Services, LLC and John Does 1-5, placed into the stream of commerce the Boat, which was unreasonably dangerous and/or not fit, suitable and safe for its intended purpose.

37. Jeffrey S. Sturman and the Defendants, Kevin R. Hoffman, Lawrence J. Hoffman, Jr. and Bret Oberhauser were each a foreseeable user of the Boat and the events that took place on July 26, 2014 were also foreseeable.

38. Defendants, Out Island Sport Yachts, Inc., F&S Marine Services, LLC and John Does 1-5, failed to properly design and/or manufacturer the Boat and/or failed to adequately warn foreseeable users like the Plaintiff and Jeffrey S. Sturman of the Boat's defect in violation of N.J.S.A. 2A:58C-2.

39. As a result of the inadequate design, manufacturing and/or inadequacy of warnings Defendants, Out Island Sport Yachts, Inc., F&S Marine Services, LLC, and John Does 1-5, proximately caused and/or contributed to the death of Jeffrey S. Sturman and are strictly liable for damages owed to the Plaintiff.

40. As a direct and proximate cause of the above conduct, Kimberly Sturman, CS and JS, have suffered and will continue to suffer substantial pecuniary damages such as funeral expenses, loss of financial support, loss of inheritance, loss of household and family services and the loss of the his care, nurture, guidance and instruction.

## COUNT TWO

41. Plaintiff repeats each of the preceding paragraphs as though set forth at length herein.

42. Defendants, Panish Marine Systems, LLC and Panish Controls, Inc., placed into the stream of commerce an mechanical throttle system that was intended to be used in marine vessels (hereinafter referred to as "the Throttle").

43. The Throttle was knowingly, purposely and/or intentionally sold and/or distributed by said Defendants to be used as a component on the Boat.

44. The Throttle was unreasonably dangerous and/or not fit, suitable and safe for its intended purpose.

45. Jeffrey S. Sturman and the Defendants, Kevin R. Hoffman, Lawrence J. Hoffman, Jr. and Bret Oberhauser were each a foreseeable user of the Throttle and the events that took place on July 26, 2014 were also foreseeable.

46. Defendants, Panish Marine Systems, LLC and Panish Controls, Inc., failed to properly design and/or manufacturer the Throttle and/or failed to adequately warn foreseeable users like the Plaintiff and Jeffrey S. Sturman of the Throttle's defect in violation of N.J.S.A. 2A:58C-2.

47. As a result of the inadequate design, manufacturing and/or inadequacy of warnings Defendants, Panish Marine Systems, LLC and Panish Controls, Inc., proximately caused and/or contributed to the death of Jeffrey S. Sturman and are strictly liable for damages owed to the Plaintiff.

48. As a direct and proximate cause of the above conduct, Kimberly Sturman, CS and JS, have suffered and will continue to suffer substantial pecuniary damages such

as funeral expenses, loss of financial support, loss of inheritance, loss of household and family services and the loss of the his care, nurture, guidance and instruction.

## COUNT THREE

49. Plaintiff repeats each of the preceding paragraphs as though set forth at length herein.

50. The Defendants, Kevin R. Hoffman, Lawrence J. Hoffman, Jr. and Bret Oberhauser, owed a duty to Jeffrey S. Sturman to exercise reasonable care when on the Boat.

51. On July 26, 2014 Defendants, Kevin R. Hoffman, Lawrence J. Hoffman, Jr. and/or Bret Oberhauser, breached their duty of care by:

    1. Accidentally engaging the Boat's reverse propulsion while Jeffrey S. Sturman was in the water at the stern of the Boat;

    2. Failing to provide adequate supervision to ensure that the Boat's engine propulsion was not engaged while Jeffrey S. Sturman was in the water at the stern of the Boat; and/or

    3. Failing to turn-off the engines to the Boat when Jeffrey S. Sturman went into the water.

52. As a direct and proximate cause of the aforesaid conduct, Defendants, Kevin R. Hoffman, Lawrence J. Hoffman, Jr. and Bret Oberhauser, proximately caused and/or contributed to the death of Jeffrey S. Sturman and are liable for damages owed to the Plaintiff.

53. As a direct and proximate cause of the above conduct, Kimberly Sturman, CS and

JS, have suffered and will continue to suffer substantial pecuniary damages such as funeral expenses, loss of financial support, loss of inheritance, loss of household and family services and the loss of the his care, nurture, guidance and instruction.

## COUNT FOUR

54. The Plaintiff repeats each of the preceding paragraphs as though set forth at length herein.

55. At all relevant times referenced herein, the Defendants, John Does 6-100, were commercial lobster fisherman with one or more lobster traps or pots located in the Atlantic Ocean in and around the charted area known as Baltimore Canyon.

56. The aforesaid area is commercial lobster fishery and is regulated by the federal government with regulations administered by the National Oceanic and Atmospheric Administration ("NOAA") codified at 50 C.F.R. 697, et seq.

57. While fishing for lobster, the Defendants, John Does 6-100, owed an absolute duty to maintain their vessels and lobster traps in seaworthy condition at all times and to abide by and obey the regulations administered by NOAA.

58. On or about July 26, 2014, Defendants, John Does 6-100, breached their above duty by failing to maintain their vessels and lobster traps in seaworthy condition in that said lobster traps utilized polypropylene line in a manner that is in violation of the NOAA regulations or in such a manner that it became derelict fishing gear which entangled the propellers of the Boat.

59. As a direct and proximate cause of the above conduct, Defendants, John Does 6-100, proximately caused and/or contributed to the death of Jeffrey S. Sturman and

are liable for damages owed to the Plaintiff.

60. As a direct and proximate cause of the above conduct, Kimberly Sturman, CS and JS, have suffered and will continue to suffer substantial pecuniary damages such as funeral expenses, loss of financial support, loss of inheritance, loss of household and family services and the loss of the his care, nurture, guidance and instruction.

### COUNT FIVE

61. Plaintiff repeats each of the preceding paragraphs as though set forth at length herein.

62. This is a civil action brought by the Plaintiff under the common law claim for negligent misrepresentation against Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser.

63. As the only eyewitnesses to the accident resulting in the death of Jeffrey S. Sturman, Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser owed a duty to the Plaintiff to ensure that they provided truthful and accurate statements requested by the United States Coast Guard officials investigating the accident.

64. On July 26, 2014, while in the State of Maryland, the Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser breached the above duty by providing one or more false statements and/or omitting material facts concerning the accident to the USCG officials conducting the investigation. Specifically, the misrepresented that:

   1. The Boat somehow malfunctioned and went into reverse propulsion on its

       own thereby causing the injuries to Jeffrey S. Sturman;

2. That Jeffrey S. Sturman failed to exercise reasonable care when confronted with the reality of having to go into the water to cut the lobster trap lines free from the Boat's propellers; and

3. That none of the Defendants accidentally engaged the Boat's reverse propulsion.

65. The Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser, also provided one or more above false statements and/or omitted material facts to the Plaintiff and Plaintiff's brother-in-law, Charles Sturman, Jr.

66. The Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser, repeated the above misrepresentations to the USCG on July 30, 2014 and to the Plaintiff between July 26, 2014 and December 31, 2015.

67. The Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser, each intended that the Plaintiff would act upon their statements.

68. The Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser, knew that the Plaintiff would probably rely on their statements, which, if erroneous, would cause loss or injury.

69. The Plaintiff did reasonably rely on the above misrepresentations of the Defendants.

70. As a direct and proximate cause of the above conduct, the Defendants, Kevin R. Hoffman, Lawrence J. Hoffman and Keith Oberhauser, have negligently caused Plaintiff to suffer damages in an amount to be determined by a jury at trial.

WHEREFORE Plaintiff demands Judgment against Defendants, jointly and severally,

as to all Counts for all damages allowed by law in an amount to be determined by a jury with interest, costs of suit, reasonable attorneys fees and any other relief this Court deems just.

Dated: July 25, 2017                    s/ Lawrence W. Luttrell
                                        Lawrence W. Luttrell
                                        Attorney for Plaintiff

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff hereby demands a trial by jury as to all issues so triable in the above matter.

Dated: July 25, 2017                    s/ Lawrence W. Luttrell
                                        Lawrence W. Luttrell
                                        Attorney for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court, is not the subject of a pending arbitration proceeding, and is not the subject of any administrative proceeding.

Dated: July 25, 2017                    s/ Lawrence W. Luttrell
                                        Lawrence W. Luttrell
                                        Attorney for Plaintiff