**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KIMBERLY STURMAN,
*as the personal representative for the Estate
of Jeffrey S. Sturman,*

       Plaintiff,

       v.

OUT ISLAND SPORT YACHTS, INC.,
et al.,

       Defendants.

Civil Action No. 17-5441 (MAS)(TJB)

**MEMORANDUM ORDER**

### SHIPP, District Judge

    This matter comes before the Court on Panish Marine Systems, LLC ("Panish Marine") and Panish Controls, Inc.'s ("Panish Controls") (collectively, "Defendants") Motion to Dismiss. (ECF No. 25.) Kimberly Sturman, the personal representative for the Estate of Jeffrey S. Sturman ("Plaintiff"), filed opposition (ECF No. 32) and Defendants replied (ECF No. 35). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted and Plaintiff's request for leave to amend the Complaint is granted.

## I. Background[1]

This case arises out of an alleged boating accident during which Jeffery Sturman ("Sturman") was killed. Plaintiff filed an action against multiple defendants.[2] In the second count of a four-count Complaint, Plaintiff asserts that: (i) Defendants "placed into the stream of commerce an [sic] mechanical throttle system that was intended to be used in marine vessels" (Compl. ¶ 42, ECF No. 1); (ii) such system "was knowingly, purposely and/or intentionally sold and/or distributed by said Defendants to be used as a component on the Boat" (*id*. ¶ 43); and (iii) Defendants failed to properly design and/or manufacture their product, and/or failed to adequately warn foreseeable users of the product, including Plaintiff (*id*. ¶¶ 46-48). Specifically, Plaintiff contends that the throttle "accidentally engaged into reverse gear" while Sturman was in the water, proximately causing and/or contributing to Sturman's death. (*Id*. ¶ 31.) Defendants' failure to properly manufacture, design, and/or adequately warn foreseeable users of the product's danger, according to Plaintiff, violated N.J. Stat. Ann. § 2A:58C-2. (*Id*. ¶ 46.)

In response to the Complaint, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6). (Mot. to Dismiss, ECF No. 25.) Although Defendants move to dismiss on four separate grounds, on February 23, 2018, Plaintiff filed a Certification in Opposition to the Motion and Memorandum in Opposition (Certification Opp'n Mot., ECF No. 31; Opp'n Br., ECF No. 32) that solely addressed Defendants' personal jurisdiction arguments (*see generally* Pl.'s Opp'n Br.).

## II. Legal Standard

---

[1] For the purpose of this motion to dismiss, the Court accepts as true and summarizes the facts alleged in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] The other defendants named in the action are: Out Island Sport Yachts, Inc., F&S Marine Services, LLC, LLC, Kevin R. Hoffman, Lawrence J. Hoffman, Jr., Bret Oberhauser, John Does 1-100, and ABC Corp. 1-100.

## II.   Legal Standard

To determine if personal jurisdiction exists in diversity matters, federal courts conduct a two-part test that first analyzes the forum state's long-arm statute and next analyzes whether such jurisdiction violates the Due Process Clause of the Fourteenth Amendment. *Isaacs v. Ariz. Bd. of Regents*, 608 F. App'x 70, 74 (3d Cir. 2015). New Jersey's long-arm statute permits a court to exercise personal jurisdiction over non-residents to the extent that such jurisdiction comports with "due process of law," thereby collapsing the two-prong test into solely a question of federal due process. *See* N.J. Court Rules, R. 4:4-4. The plaintiff bears the burden of establishing personal jurisdiction over the moving defendants, but is entitled to have its allegations taken as true, factual disputes drawn in its favor, and need only establish a prima facie case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Failure to do so can result in a dismissal of the defendant from the action without prejudice, pursuant to Rule 12(b)(2). *See, e.g., Myers v. Berry*, No. 17-4417, 2018 U.S. Dist. LEXIS 66515, at *4-5, (D.N.J. Apr. 10, 2018); *O'Connor v. Dodge Co.*, No. 16-5177, 2016 U.S. Dist. LEXIS 160379, at *9 (D.N.J. Nov. 17, 2016).

The Supreme Court has held that federal due process requires such "minimum contacts" with the forum state that exercising personal jurisdiction would not offend the "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic as to render them essentially at home in the forum State.'" *Id.* at 919 (citing *Int'l Shoe Co.*, 326 U.S. at 317)). Specific jurisdiction,

alternatively, provides jurisdiction over a defendant based on its "affiliation[n] between the forum and the underlying controversy." *Id.* First, the defendant must "purposefully avai[l] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Second, the litigation must result from alleged injuries arising out of the defendant's activities in the forum. *Miller Yacht Sales, Inc.*, 384 F.3d at 96.

After the close of briefing on the instant motion, on March 1, 2018, the Third Circuit held that placing a product into the stream-of-commerce alone is insufficient grounds for specific jurisdiction. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) ("We perceive no merit in [plaintiff's] stream-of-commerce theory of personal jurisdiction."). The Third Circuit requires that "plaintiffs . . . rely on 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[.]'" *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal.*, 480 U.S. 102, 109 (1987)). Accordingly,

IT IS on this 6th day of August 2018, **ORDERED** that:

1.    Defendants' Motion to Dismiss (ECF No. 25) is **GRANTED**.

2.    Plaintiff's request for leave to amend the Complaint is **GRANTED**. Plaintiff may file an Amended Complaint within thirty (30) days of this order. If Plaintiff fails to file an Amended Complaint by such deadline, the Complaint will be dismissed with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4